IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY EDWARD CRUZ, #M-30089, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 18−cv−01321−NJR |
| ) | |
| STATE OF ILLINOIS, ) | |
| LAURA CUNNINGHAM, ) | |
| MARK McFARLAND, ) | |
| WARDEN LAMB, ) | |
| LT. CARIE, ) | |
| R/O GOODRUM, ) | |
| R/O MERATH, ) | |
| R/O JOHNSON, ) | |
| LT. HANSON, ) | |
| and DR. AHMED, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ricky Cruz, an inmate of the Illinois Department of Corrections who is currently incarcerated in Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Amended Complaint,[1] Plaintiff alleges that he sustained a serious leg injury at Lawrence. (Doc. 25). He was denied medical care by the defendants and developed a Methicillin-resistant *Staphylococcus aureus* (MRSA) infection. *Id*. Plaintiff seeks declaratory, monetary, and injunctive relief for the resulting violations of his Eighth Amendment rights. *Id*.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief

---

[1] Plaintiff filed an Amended Complaint before his original Complaint was screened. The Amended Complaint supersedes the original Complaint and renders it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). This screening order focuses on the Amended Complaint.

may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations must be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

According to the Amended Complaint, Plaintiff fell and injured his eye, back, and shin while descending from his top bunk on June 16, 2017. (Doc. 25, pp. 5-10). A laceration to his right shin proved to be his most serious injury, resulting in significant blood loss and infection. *Id*. at 5. Plaintiff used the emergency call button to request help, while wrapping the wound with toilet paper and a bandage. *Id*. An unknown officer responded to his emergency calls but failed to summon help from medical staff. *Id*. at 5-6. The next day, R/O Leonard and Lieutenant Carie found Plaintiff in significant pain and escorted him to the prison's health care unit (HCU). *Id*. at 6-7. Doctor Ahmed, Nursing Director McFarland, and Nursing Director Cunningham determined that stitches were not an option due to the delay in treatment. *Id*. at 7. They ordered the nursing staff to clean and dress Plaintiff's wound daily until it healed and demonstrated how to do so. *Id*. The nursing staff disregarded the orders, and Plaintiff soon developed MRSA. *Id*. at 8-9. Officers McGrath, Goodrum, and Johnson were aware of Plaintiff's infection, flu-like symptoms, and difficulty walking. *Id*. They arranged an appointment with Doctor Ahmed who prescribed Clindamycin and Meloxicam,[2] but neither medication worked. *Id*. at 10. Warden Lamb denied Plaintiff's related grievances. *Id*.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

> **Count 1:** Defendants delayed or denied Plaintiff adequate medical care for his right shin injury and related infection in June and July 2017, in violation of his Eighth Amendment rights.

---

[2] Clindamycin is an antibiotic used to treat certain bacterial infections of the lungs, skin, blood, and internal organs. Meloxicam is prescribed for pain, swelling, and stiffness associated with arthritis. *See* https://medlineplus.gov/druginfo/meds/ (last visited Oct. 23, 2018).

The designation of this count should not be construed as an opinion regarding its merit. **Any other claims encompassed by the allegations but not identified above should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.

To survive screening, the allegations against each defendant must satisfy the objective and subjective components required of every Eighth Amendment claim. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective component is satisfied by a sufficiently serious medical condition, such as Plaintiff's right shin injury and resulting infection. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372-73 (7th Cir. 1997) (a serious medical condition is one that has been diagnosed by a physician as requiring treatment or the need for treatment would be obvious to a lay person). The subjective component requires the plaintiff to demonstrate that each defendant responded to his serious medical condition with deliberate indifference, which is defined as intentional or reckless disregard to a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 834, 842 (1994). The allegations do not satisfy the subjective component of this claim.

The Amended Complaint focuses on the alleged deliberate indifference of non-parties, including the unknown officer, who failed to summon help when Plaintiff pressed the emergency call button; R/O Leonard, who forced Plaintiff to cuff up and walk on his injured leg to the HCU; and the nursing staff members, who refused to clean his wound as ordered. Because these individuals are not named as defendants, the Court will not treat them as such. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

The allegations support no deliberate indifference claim against the named defendants. This includes Defendant Carie, who interviewed Plaintiff for five minutes before allowing him to go to the HCU; Defendants Ahmed, Cunningham, and McFarland, who determined that the best course of treatment included cleaning Plaintiff's wound daily instead of suturing it; Officers Goodrum, Merath, and Johnson, who set up appointments with medical staff after learning of Plaintiff's infection; and Warden Lamb, who denied Plaintiff's grievances. Many of these

defendants were named in this action simply because they supervised those individuals who may have violated Plaintiff's constitutional rights. However, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Liability requires an individual defendant to cause or participate in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The allegations make no such connection, often portraying these defendants in a positive light. At most, their conduct amounts to negligence, which is not actionable under Section 1983. The allegations also fail to mention the State of Illinois and Lieutenant Hanson. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff cannot state a claim against a defendant by including the defendant's name in the caption). Accordingly, Count 1 is dismissed with prejudice against the State of Illinois, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and without prejudice against all other defendants.

## Pending Motions

Plaintiff's Motions for Recruitment of Counsel (Docs. 3, 18) are **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff discloses no efforts to locate counsel on his own. He also cites no impediments to self-representation, other than a limited education. Plaintiff appears capable of litigating this matter *pro se*, given his coherent pleadings and straightforward claim. He may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own.

## Request for Preliminary Injunction

Plaintiff's request for a preliminary injunction to stop retaliation that has not yet occurred is **DENIED**. (Doc. 25, p. 11). *Baird v. Hodge*, 605 F. App'x 568, 570 (7th Cir. 2015) (denying preliminary injunction because threat of harm to inmate was speculative). If interim relief becomes necessary during the pending action, Plaintiff should file a *separate* motion for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. He should describe the exact relief he seeks and the factual allegations that support his request.

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **COUNT 1** is **DISMISSED** with prejudice against Defendant **STATE OF ILLINOIS** and **DISMISSED** without prejudice against all other defendants.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **November 21, 2018**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the form designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and use the case number for this action (*i.e.*, Case No. 18-cv-01321-NJR). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own without reference to any previous pleading, and it is subject to review under 28 U.S.C. § 1915A. The **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files an amended complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 25, 2018**

                                                                       _____
**NANCY J. ROSENSTENGEL**
**United States District Judge**